UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



GMF, INC.,                                )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )      Case No. 1:17-cv-00034 (LO/IDD)
                                          )
JOHN DOE and <GMF.COM>,                   )
                                          )
            Defendants.                   )
_____ )

## REPORT AND RECOMMENDATION

This MATTER is before the Court on Plaintiff's Motion for Entry of Default Judgment against Defendants John Doe and the internet domain name <GMF.com> ("Defendant Domain Name") pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 21.) After a licensed attorney for Defendant failed to appear at the hearing on March 31, 2017, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Amended Complaint, Second Amended Complaint, the Motion for Default Judgment, and the Memorandum in Support of the Motion for Default Judgment, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED** as to Defendant <GMF.com>.

### I.    INTRODUCTION

Plaintiff, GMF, Inc. ("Plaintiff"), filed its complaint on January 10, 2017, its Amended Complaint on January 12, 2017, and its Second Amended Complaint on February 2, 2017, seeking relief under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and to assert a claim for conversion and

to quiet title. (Second Am. Compl. ¶¶ 2–3.) During the hearing on the Motion for Default Judgment, Plaintiff moved to dismiss claims two through five. (Dkt. No. 24.) The Court granted Plaintiff's request, leaving this Court to consider only claim one, violation of the Federal Anticybersquatting Consumer Protection Act.

Plaintiff's claims are based on a bad-faith use of Defendant Domain Name by an anonymous registrant ("Registrant"), who provided false information to steal the domain name. (Second Am. Compl. ¶¶ 4–6.) The ACPA grants trademark owners a remedy against "cybersquatting." Cybersquatting occurs when a party registers or uses a trademark owner's mark as a domain name with the bad-faith intent to profit from the sale or use of the domain name.[1] Plaintiff has moved for default judgment against Defendant John Doe and Defendant Domain Name and requests that this Court order VeriSign, Inc., the current registrar of Defendant Domain Name, to transfer the domain name from its possession to Plaintiff's designated registrar, Tucows, Inc., and that Tucows, Inc. take all necessary steps to have Plaintiff listed as the registrant of Defendant Domain Name. (Second Am. Compl. ¶ 3; Dkt. No. 21-1.)

## A.     Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under the ACPA,

---

[1] *Corsair Memory, Inc. v. Corsair7.com*, 2008 U.S. Dist. LEXIS 110067 at *20 (N.D. Cal. Nov. 3, 2008) (quoting 15 U.S.C. § 1125(d)(1)(B)(i)(VI) to define cybersquatting as: "Offer[ing] to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct."); *see also Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 295 (2d Cir. 2002) (explaining Congress's enactment of the ACPA as a supplement to the federal trademark statute in order to combat bad-faith registration or use of domain names).

which is federal law.

This Court has *in rem* jurisdiction over Defendant under 15 U.S.C. § 1125(d)(2)(A) because the registry wherein Defendant Domain Name is registered, VeriSign, Inc., is located within this district. (Second Am. Compl. ¶ 12.) Similarly, venue is appropriate in this District under 28 U.S.C. § 1391(b)(2), as well as 15 U.S.C. § 1125(d)(2)(C)(i), which states that "a domain name shall be deemed to have its situs in the judicial district in which . . . the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located." (*See id.* ¶ 13.)

### B.    Service of Process

The ACPA allows a trademark owner to file an *in rem* civil action against a domain name and provides instructions on how to provide sufficient notice of such an action. Specifically, the ACPA provides that service of process in an *in rem* action may be accomplished by sending notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and email addresses provided by the registrant to the registrar. 15 U.S.C. § 1125(d)(2)(A), (B).

The undersigned finds that Plaintiff has complied with the notice requirements necessary to bring an *in rem* action against Defendant Domain Name under the ACPA. In accordance with 15 U.S.C. §1125(d)(2)(A)(ii)(II)(aa), on January 17, 2017, Plaintiff sent notice of its intent to pursue an *in rem* action against Registrant to the email address and postal address provided in the Whois record for Defendant Domain Name. (Dkt. Nos. 6-1 ¶¶ 6–7; 22 at 5.)

On January 24, 2017, in accordance with 15 U.S.C. §1125(d)(2)(A)(ii)(II)(bb), Plaintiff filed a motion seeking leave to publish notice of the action in *The Washington Post*. (Dkt. No. 5.) This Court granted Plaintiff's motion, and on February 2, 2017. (Dkt. No. 13.) Plaintiff

published notice of this Court's Order in *The Washington Post.* (Dkt. No. 15.) For the reasons stated above, the undersigned finds that service of process has been accomplished in this action as to Defendant Domain Name.

Regarding Defendant John Doe, the undersigned recommends a finding that process has not been adequately served as to this defendant. Plaintiff's complaint characterizes Defendant John Doe as "a person of unknown identity who gained unauthorized access to GMF, Inc.'s protected domain name management account and, without consent or authority, transferred control of [Defendant Domain Name] away from [Plaintiff]." (Second Am. Compl. ¶ 6.) Because the identity and location of Defendant John Doe are unknown, it is unclear what service requirements apply as to Defendant John Doe. However, because Plaintiff moved at oral argument on March 31, 2017 to dismiss counts two through five, the undersigned need only evaluate whether notice and service were met as to the ACPA claim. As previously stated, the undersigned finds that notice and service of this action was proper as relates to the ACPA claim against Defendant Domain Name.

### C.  Grounds for Default

Plaintiff filed its Complaint on January 10, 2017, its First Amended Complaint on January 24, 2017, and its Second Amended Complaint on February 2, 2017. (Dkt. Nos. 1, 4, 12.) A representative for Defendant failed to appear, answer, or file any responsive pleading in this matter.[2] On March 7, 2017, Plaintiff filed with the Clerk's Office a Request for Entry of Default as to John Doe and Defendant Domain Name. (Dkt. No. 19.) The Clerk entered default against Defendant Domain Name on March 10, 2017. (Dkt. No. 20.) On March 10, 2017, Plaintiff filed a

---

[2] The Court received two letters from Nikita Alipov, who claims to have purchased Defendant Domain Name from Finlead AG, Mr. Daniel Bruderer. (Dkt. Nos. 14, 25.) Any transaction that occurred between Nikita Alipov and Finlead AG does not affect the undersigned Magistrate Judge's recommendation because Nikita Alipov did not purchase Defendant Domain Name from the actual owner but appears to have paid Finlead AG for Defendant Domain Name after the Registrant transferred Defendant Domain Name without authorization.

Motion for Default Judgment and Memorandum in Support, for which the Court held a hearing on the matter on March 31, 2017. (Dkt. Nos. 21, 22, 24.) When a representative for Defendant failed to appear at the hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. (Dkt. No. 24.)

## II.    FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts.

### A.    Plaintiff's Mark

Plaintiff was incorporated in 1983 to provide defense contracting services to the U.S. Department of Defense. (Second Am. Compl. ¶ 15.) Plaintiff registered Defendant Domain Name on March 7, 1996 and was the named registrant of Defendant Domain Name until approximately April 18, 2016. (Second Am. Compl. ¶ 16.) For approximately twenty years, Plaintiff has used Defendant Domain Name to promote its digital signal processing short courses, which, along with other hardware and technical services, it provides under contract to the U.S. Air Force, U.S. Navy, and other elements of the U.S. Department of Defense. (*Id.* ¶¶ 19–22.) Plaintiff also used Defendant Domain Name for email and in U.S. commerce related to its services. (*Id.* ¶ 24). Defendant Domain Name is a distinctive mark and was distinctive to Plaintiff prior to the time that Defendant John Doe transferred without authorization Defendant Domain Name away from Plaintiff. (Second Am. Compl. ¶ 50.)

### B.    Defendants' Infringing Domain Name

The Defendant Domain Name, GMF.com, is identical to the "GMF" mark. (Second Am. Compl. ¶ 47.) Plaintiff maintains a domain name management account with 123CheapDomains.com, a California-based reseller of domain names provided by accredited

5

domain name registrar Tucows, Inc. (*Id.* ¶ 30; Dkt. No. 12-2 at 2–3.) Plaintiff's domain name management account with 123CheapDomains.com is maintained on a protected computer and access to the account should be restricted only to authorized individuals. (Second Am. Compl. ¶ 31.) Plaintiff maintains a web hosting and email account with FASTWEBHOST, which utilizes servers in Lansing, Michigan, and Phoenix, Arizona, for its web hosting and email services. (*Id.* ¶ 32.)

On March 5, 2016, Plaintiff received an email from 123CheapDomains.com indicating that a request had been received to reset the password for Defendant Domain Name. (*Id.* ¶ 33.) Plaintiff had not requested that the password be reset and immediately advised 123CheapDomains.com that no request had been made and asked that 123CheapDomains.com prevent any password changes that were not directly authorized. (*Id.*) On April 18, 2016, Plaintiff became unable to access or use the gmf.com email server maintained with FASTWEBHOST. (*Id.* ¶ 34.) Plaintiff was also unable to gain access to its domain name management account with 123CheapDomains.com. (*Id.* ¶ 36.) Plaintiff searched its administrative email account and found no record of notification that Defendant Domain Name was being transferred as required by the Internet Corporation for Assigned Names and Numbers. (*Id.* ¶ 37.)

On information and belief, Defendant John Doe obtained unauthorized access to Plaintiff's domain registrar account and manipulated the computer records to obtain the transfer of Defendant Domain Name in a manner intended to avoid detection by Plaintiff. (*Id.* ¶ 38.) Defendant John Doe provided material and misleading false contact information in the domain name registration when changing the registrant for Defendant Domain Name. (*Id.* ¶ 46.) Defendant John Doe transferred Defendant Domain Name from Tucows, Inc. to Dynadot, LLC.

(*Id.* ¶ 40.) When Defendant Domain Name was transferred without authorization, the domain name registrant information was changed, thereby preventing Plaintiff from using or controlling the domain name and associated website and email services. (*Id.* ¶ 41.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience,

and common sense. *Francis v. Giacomelli*, 588 F.3d 186,193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

**ACPA**

Plaintiff contends that it is entitled to relief under the ACPA. The ACPA provides that a person is liable to the owner of a mark where the person has a "bad faith intent to profit from that mark . . . [and] uses a domain name that . . . is distinctive at the time of registration of the domain name . . . [and] is identical or confusingly similar to that mark." 15 U.S.C. § 1125(d)(1)(A)(i)– (ii). To establish an ACPA violation, a plaintiff must first demonstrate that the domain name in question infringes upon the plaintiff's mark. *See* 15 U.S.C. § 1125(d)(1)(A), (d)(2)(A)(1). A plaintiff is next required to prove that the domain name is identical or confusingly similar to the plaintiff's mark and that the registrant had the bad-faith intent to profit from using the domain name. *People for the Ethical Treatment of Animals ("PETA") v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001) (citing 15 U.S.C. § 1125(d)(1)(A)). The ACPA provides that a court may order the cancellation of the domain name or its transfer to the owner of the mark as remedy to the owner. 15 U.S.C. §1125(d)(1)(C).

In this case, the Plaintiff has sufficiently alleged that it possesses a common law trademark right in Defendant Domain Name. The ACPA protects both registered marks and unregistered, common law marks. 15 U.S.C. § 1125(d)(2)(A)(i). A party acquires common law trademark ownership "by actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co., Inc.*, 332 F.3d 264, 267 (4th Cir. 2003). Plaintiff purchased Defendant Domain Name at least twenty years ago, and Defendant Domain Name was registered to Plaintiff through approximately April 18, 2016. (Second Am. Compl. ¶¶ 4, 16, 22.) For at least twenty years, Plaintiff regularly used Defendant Domain Name to promote its digital signal processing

8

short courses and other technical services, including email services. (Second Am. Compl. ¶¶ 22, 23.) Therefore, the undersigned finds that Plaintiff has established that it possesses a common law trademark right in Defendant Domain Name.

Plaintiff has also sufficiently alleged that Registrant had the bad-faith intent to profit from using Defendant Domain Name. Under the ACPA, courts may determine bad-faith intent by weighing nine factors. 15 U.S.C. § 1125(d)(1)(B)(i). The factors are "given to courts as a guide," and courts are not required to exhaustively consider each factor in every case. *Lamparello v. Falwell*, 420 F.3d 309, 319–20 (4th Cir. 2005). In relevant part, the factors supporting a finding of bad faith include the trademark or other intellectual property rights of the plaintiff in the domain name; the extent to which the domain name consists of the legal name of the plaintiff or a name that is otherwise commonly used to identify that plaintiff; the prior use of the domain name in connection with the bona fide offering of any goods or services; the registrant's intent to divert customers away from a plaintiff's website in a manner that might adversely affect the plaintiff's trademark rights; and the registrant's use of false contact information when registering the domain name. 15 U.S.C. § 1125(d)(1)(B)(i)(I)–(V), (VII).

As previously discussed, Plaintiff had a common law trademark right to Defendant Domain Name, which Plaintiff used for bona fide business purposes. (Second Am. Compl. ¶¶ 19–24.) Here, Registrant used a domain name identical to Plaintiff's mark. (Second Am. Compl. ¶ 47.) Therefore, the undersigned finds that Plaintiff has established that Defendant Domain Name is confusingly similar to Plaintiff's Mark.

Furthermore, the unauthorized use of Plaintiff's identical mark shows an intent to confuse and deceive Plaintiff's actual and potential customers and cause irreparable harm to Plaintiff's goodwill and reputation. (Second Am. Compl. ¶ 54.) Similarly, Defendant's unauthorized

9

registration of Plaintiff's mark shows an intent to profit from the similarity of Defendant Domain Name. (Dkt. No. 22 at 11.) Additionally, Defendant has not engaged in bona fide noncommercial or fair use of Defendant Domain Name. (Second Am. Compl. ¶ 45.) Lastly, Registrant used false information to register with Whois, showing an intent to conceal his or her true identity to mislead anyone searching for the registrant of Defendant Domain Name. (Second Am. Compl. ¶ 46.) For the foregoing reasons, the undersigned finds that Plaintiff has established that Registrant had the bad-faith intent to profit from the use of Defendant Domain Name.

Plaintiff's Second Amended Complaint pleads sufficient facts to show that Plaintiff possessed common law trademark rights in Defendant Domain Name, that Defendant Domain Name is confusingly similar to Plaintiff's mark, and that Registrant had the bad-faith intent to profit from using Defendant Domain Name. Therefore, the undersigned Magistrate Judge finds that Plaintiff is entitled to relief under the ACPA.

## IV.   RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiff, GMF, Inc. against Defendant Domain Name for violation of 15 U.S.C. § 1125(d). The undersigned further recommends that an Order be entered directing VeriSign, Inc. to transfer the domain name <GMF.com> from its possession to the Plaintiff's designated registrar, Tucows, Inc., and that Tucows, Inc. shall register the domain name, <GMF.com>, in the name of Plaintiff and provide Plaintiff with full ownership and control of the domain name.

## V.   NOTICE

**By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. §**

**636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Registrant at the following physical and email addresses:

FINLEAD AG
SCHWYZERSTRASSE 60
WOLLERAU SCHWYZ 8832 CH
MAIL@FINLEAD.COM

/s/
Ivan D. Davis
United States Magistrate Judge

May 24, 2017
Alexandria, Virginia